| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Christopher O'Brian Johnson** | Check if this is an amended plan ☑ |
| | Name: First　Middle　.　Last | Amends plan dated: January 25, 2019 |
| Debtor 2 (Spouse, if filing) | Name: First　Middle　,　Last | |
| Case number: (If known) | **19-70171** | |

# Chapter 13 Plan

## Part 1:　Notices

To Debtor(s):　This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

To Creditors:　Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2:　Plan Payments and Length of Plan

2.1　Debtor(s) will make regular payments to the trustee as follows:

**$150** per **Bi-Weekly** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2　Regular payments to the trustee will be made from future income in the following manner *(check all that apply)*:

☑　Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
　　**Sitel Operating Com.**
　　**1201 Demonbreun**
　　**Suite 1240**
　　**Nashville, TN 37203**
☐　Debtor(s) will make payments directly to the trustee.
☐　Other (specify method of payment)

### 2.3 Income tax refunds and returns. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:
**Non-exempt proceeds of estate causes of action that remain after satisfaction of any and all attorneys' fees and expenses, lien claims, and subrogation claims payable therefrom shall be disbursed in the following sequence: (1) in payment of the percentage fee currently due the Trustee, (2) pro rata to holders of non-priority unsecured claims not separately classified by the Plan up to 100 percent of the total allowed amount of such claims, (3) in the sequence specified by part II.A of Administrative Order No. 17-07, and (4) the balance, if any, to the Debtor.**

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

### 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below:
   1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
   2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
   3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Exeter Finance Corp | $94.00 | $11,961.32 | 2013 Hyundai Velostar | $12,064.00 | 6.00% | $253.30 | 7 months after Confirmation |

3.4    Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

☑    None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5    Surrender of collateral. *Check one.*

☑    None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

4.1    General

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2    Chapter 13 case filing fee. *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3    Attorney's fees.

The total fee requested by Debtor(s)' attorney is $**3,000.00**. The amount of the attorney fee paid prepetition is $**0.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,000.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4    Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☑    None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5    Domestic support obligations. *Check one.*

☑    None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

5.1    Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2    Percentage, Base, or Pot Plan. *Check one.*

☐    100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☑    Percentage Plan. This plan proposes to pay __0__ % of each allowed nonpriority unsecured claim.
☐    Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐    Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
　　☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*

　　☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5 Other separately classified nonpriority unsecured claims. *Check one.*

　　☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

　　☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*

　　☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in Debtor(s) *(check one)*:

　　☐ Upon plan confirmation.

　　☑ Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

　　☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X *(signed)* Christopher O'Brian Johnson　　Date March 12, 2019

X _____　　Date

Signature of Attorney for Debtor(s):
X  /s/ E. Calhoun Wilson　　Date **March 14, 2019**
　　E. Calhoun Wilson
　　1308 Greensboro Avenue
　　Tuscaloosa, AL 35401
　　205-349-2330

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

I, Christopher O'Brian Johnson, declare under penalty of perjury that the information contained in Amended Chapter 13 Plan, Amended Schedules I, J, Amended Summary of Schedules, Amended Statistical Summary and Amended Statement of Financial Affairs For Individuals is true and correct to the best of my knowledge, information and belief.

This the 12 day of March, 2019.

*Christopher O'Brian Johnson*
Christopher O'Brian Johnson.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served C. David Cottingham, 701 22nd Avenue, Suite 4, Tuscaloosa, AL 35402-0588, via hand delivery, with a copy of the Amended Chapter 13 Plan, Amended Schedules I, J, Amended Summary of Schedules, Amended Statistical Summary and Amended Statement of Financial Affairs For Individuals. I have served a copy of the Amended Chapter 13 Plan upon all creditors on the attached creditor matrix via United States Mail and/ or electronic service.

This the 12 day of March, 2019.

/s/ E. Calhoun Wilson
E. Calhoun Wilson
Attorney for Debtor

```
Label Matrix for local noticing          Exeter Finance LLC, c/o AIS Portfolio Servic    U. S. Bankruptcy Court
1126-7                                   4515 N Santa Fe Ave. Dept. APS                  2005 University Blvd., Room 2300
Case 19-70171-JHH13                      Oklahoma City, OK 73118-7901                    Tuscaloosa, AL 35401-1546
NORTHERN DISTRICT OF ALABAMA
Tuscaloosa
Tue Mar 12 14:35:39 CDT 2019

CREDIT CENTRAL, LLC                      Capital One                                     Credit Central Al46
700 E NORTH ST STE 15                    Attn: Bankruptcy                                149 Military Street South
GREENVILLE, SC 29601-3013                PO Box 30285                                    Hamilton, AL 35570-5566
                                         Salt Lake City, UT 84130-0285


Credit One Bank                          Exeter Finance Corp                             Exeter Finance LLC
Attn: Bankruptcy                         PO Box 166008                                   P.O. Box 167399
PO Box 98873                             Irving, TX 75016-6008                           Irving, TX 75016-7399
Las Vegas, NV 89193-8873


First Premier Bank                       INTERNAL REVENUE SERVICE                        Listerhill CU
Attn: Bankruptcy                         PO BOX 7346                                     Attn: Bankruptcy
PO Box 5524                              PHILADELPHIA, PA 19101-7346                     PO Box 566
Sioux Falls, SD 57117-5524                                                               Sheffield, AL 35660-0566


Premier Bankcard, Llc                    Speedy Cash                                     (p)T MOBILE
Jefferson Capital Systems LLC Assignee   PO Box 780408                                   C O AMERICAN INFOSOURCE LP
Po Box 7999                              Wichita, KS 67278-0408                          4515 N SANTA FE AVE
Saint Cloud Mn 56302-7999                                                                OKLAHOMA CITY OK 73118-7901


Webbank/fingerhut                        World Acceptance/Finance Corp                   World Finance Corp. c/o World Acceptance Cor
6250 Ridgewood Rd                        Attn: Bankruptcy                                Attn: Bankruptcy Processing Center
Saint Cloud, MN 56303-0820               PO Box 6429                                     PO Box 6429
                                         Greenville, SC 29606-6429                       Greenville, SC 29606-6429


C David Cottingham                       Christopher O'Brian Johnson                     E Calhoun Wilson
Chapter 13 Standing Trustee              833 Cargile Rd                                  Wilson & Guthrie LLC
701 22nd Avenue, Suite 4                 Fayette, AL 35555-5501                          1308 Greensboro Avenue
P O Drawer 020588                                                                        Tuscaloosa, AL 35401-2841
Tuscaloosa, AL 35402-0588
```

              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
T-MOBILE                                 End of Label Matrix
PO BOX 742596                            Mailable recipients    20
Cincinnati, OH 45274                     Bypassed recipients     0
                                         Total                  20
```